Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 09-CV-90-HRW

GLEN A. GRAVES                                                          PETITIONER

VS:                        **MEMORANDUM OPINION AND ORDER**

E.K. CAULEY, Warden                                                     RESPONDENT

**** **** **** ****

Petitioner Glen A. Graves, who is in the custody of the Federal Bureau of Prisons ("BOP") and confined in the Federal Correctional Institution located in Ashland, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 [Record No. 1], and has paid the $5.00 filing fee.

The Petition is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms,* 2002 WL 31388736, *1 (6th Cir. 2002).[1] For the reasons set forth below, the Petition will be denied and this cause of action dismissed.

## ALLEGATIONS AND CLAIMS

Graves has submitted a completed petition form and has attached to it a completed BOP form titled "Institutional Referral for CCC Placement." The following is a summary or construction of the facts alleged and the claims made in these two documents.

---

[1] As this litigant is appearing *pro se,* his pleadings are held to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations are taken as true and liberally construed in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001); *see also* 28 U.S.C. § 1915A(b). But the Court may dismiss a Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton* v. *Braunskill,* 481 U.S. 770, 775 (1987).

With good time credits amassed over his period of incarceration, Petitioner is finishing a sentence of 125 months, with an anticipated release date of June 12, 2010.  One year before that date, on June 1, 2009, his unit team recommended that he be placed in a CCC (Community Corrections Center)[2] for service of the last 150-180 days of his sentence.  The Referral is styled as a memo to a Community Corrections Manager ("CCM") in Atlanta, and it is signed by the FCI-Ashland's Warden and Case Management Coordinator.  On the form, the Coordinator recites how this placement was appropriate for Graves, under each of the 5 factors to be considered in subsection (b) of 18 U.S.C. § 3621. *Place of imprisonment*.

In his Petition, however, Graves states that he will have only a 94-day placement in the CCC, He does not state how or when this change of plan occurred.  He seems to blame the CCM, alleging that the CCM decided "the final say and only placement possible, without seeking other options." Petitioner complains that this 94-day placement will not afford him a "reasonable" opportunity for reentry into the community, as required by Congress; will not be sufficient time for him to find employment and suitable housing; was set "without guidance of the statutory factors" listed in Section 3621(b); and violates his due process rights.

## DISCUSSION

It is well settled that federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241.  *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295,

---

[2]  CCC's have recently been renamed, and are now Residential Reentry Centers ("RRC's"). For the current Petition, the Court will adhere to the acronym used by Graves.

296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").

The administrative remedies available to inmates confined in BOP institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-.19. Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See* § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* § 542.15 (a) - (b).

Importantly, exhaustion of administrative remedies should be enforced to prepare a record for the Court. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). Had the Petitioner pursued the BOP's administrative procedures, he would have documents from the BOP showing when and why any change in his CCC placement occurred, and these documents would have provided a record of facts and purported legal bases for this Court's consideration. As it is today, however, the Court has no record to consider.

In addition to providing a record, exhaustion provides other benefits. As stated by the Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988):

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

*Id.* at 205. These are serious considerations.

Moreover, in the past year, this Court and other District Courts have uniformly and specifically ruled that Section 2241 claims about RRC placements must be fully exhausted. *See Somerville v. Dewalt*, 2009 WL 1211158 (E.D. Ky. 2009) (slip op.) (citing cases). In the face of these considerations and the Petitioner's allegations, the Court has expedited its screening of the Petition, and it will dismiss this action without prejudice to Graves' re-filing this claim upon proper exhaustion of his claims with the BOP.

**CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

(1)     Petitioner Glen A. Graves' Petition for a Writ of Habeas Corpus [Record No. 1] is **DENIED.**

(2)     This action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the Court's active docket.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This November 13, 2009.



Signed By:

Henry R Wilhoit Jr.

United States District Judge